UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-20224-CR-LENARD/O'SULLIVAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GENARO MEJIA,

    Defendant.
_____/

## ORDER

THIS MATTER came before the Court on the Motion for Return of Seized Property Pursuant to Criminal Rule of Procedure, Rule 41(g) (DE# 202, 4/26/18) (hereinafter "Motion") filed by the defendant pro se. The government filed its response on May 9, 2018. See Response to Defendant's Motion for Return of Seized Property (DE# 203, 5/9/18) (hereinafter "Response"). No reply was filed. This matter is ripe for adjudication.

## ANALYSIS

The defendant seeks the return of: $2,000 in cash seized from the defendant's home, $1,800 in cash obtained from a hotel room, a black iphone 6 belonging to the defendant, a white Galaxy S5 belonging to the defendant's wife, an LG Leon belonging to the defendant's son, a Blackberry 9900 belonging to the defendant, a "Probook Mac" laptop, a "tomi [sic] handbag" and a "tomi [sic] card holder wallet." See Exhibit 1 to Motion (DE# 202 at 3). The government has agreed to return all of the items listed above other than the cash that was seized. See Response at 5.

> With respect to the cash, the government argues that:
>
>> no assets were judicially forfeited in this case as indicated in the United States' Notice on Forfeiture filed on May 26, 2017 [DE 158]. According to information received from representatives of the seizing agency, the U.S. Customs and Boarder Protection ("CBP") of the U.S. Department of Homeland Security, CBP did provide notice to the Defendant of the $2,000.00 and $1,919.87 cash seized and intent to forfeit, on May 18, 2016. See Attachment 1 and 2, Notices of Seizure, respectively. The Defendant filed untimely petitions/claims which were denied. Id., Petitions and CBP Response. All of the cash was subsequently forfeited by the seizing agency. Id., Declarations of Administrative Forfeiture.
>
>> ***
>
>> Here, the Defendant failed to comply with the filing deadline and his request to return the seized cash was denied on July 15, 2016. Forfeiture of the seized cash occurred and was completed in September 2016. Almost two years later, the Defendant again seeks return of the seized cash by filing a Rule 41(g) motion. The motion should be denied with respect to the seized cash.

Id. at 3-4.

The Court has reviewed the instant motion and finds that the defendant's request for the return of the cash should be denied. The defendant was provided with timely notice of the forfeiture proceeding on May 18, 2016 and was advised of the submission deadlines. See Letters (DE# 203-1 at 2, 203-2 at 2). The defendant's claim/petition was not received until June 23, 2016 and was not accepted because it was untimely. Id. at 203-1 at 203-1 at 12; 203-2 at 12. The $2,000 in cash was declared forfeited on September 7, 2016. Id. at 203-2 at 13. The $1,800 in cash was declared forfeited on September 5, 2016. Id. at 203-1 at 13.

A claim/petition that is not received by the submission deadline is untimely. See Okafor v. United States, 2014 WL 3341594 (N.D. Cal. July 3, 2014). While a court may exercise its equitable jurisdiction to review an agency's administrative forfeiture

2

decision, equitable jurisdiction is "highly discretionary and must be exercised with caution and restraint." In re Sixty Seven Thousand Four Hundred Seventy Dollars, 901 F.2d 1540, 1544 (11th Cir. 1990). Where as here, the defendant failed to file his claim/petition with the United States Customs and Border Protection on time and provided no justification for the failure to comply with the deadline, the undersigned finds that the exercise of the Court's equitable jurisdiction to review the merits of an administrative forfeiture decision is not warranted.

## CONCLUSION

Based on the foregoing, it is

ORDERED AND ADJUDGED that the Motion for Return of Seized Property Pursuant to Criminal Rule of Procedure, Rule 41(g) (DE# 202, 4/26/18) is **GRANTED in part DENIED in part**. The defendant's motion is **DENIED** as to the cash that was seized and forfeited. The government shall promptly return the remaining property to the defendant.

DONE AND ORDERED, in Chambers, at Miami, Florida this 21 day of May, 2018.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Lenard
All counsel of record

Copies mailed by Chambers to:
Genaro Mejia
09144-104
Coleman Low
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 1031
Coleman, FL 33521
PRO SE