UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-20224-CR-LENARD/O'SULLIVAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GENARO MEJIA,

    Defendant.
_____/

## ORDER

THIS MATTER came before the Court on the Verified Motion to Vacate Administrative Forfeiture (DE# 219, 3/11/19). The instant motion was filed by the defendant pro se and, as such, should be liberally construed. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

## BACKGROUND

On March 11, 2019, the plaintiff filed his Verified Motion to Vacate Administrative Forfeiture (DE# 219, 3/11/19) (hereinafter "Motion"). The government filed its response in opposition on March 28, 2019. See Response in Opposition to Defendant's Motion to Vacate Administrative Forfeiture [DE 219] (DE# 223, 3/28/19) (hereinafter "Response"). The defendant filed a reply on April 23, 2019. See Reply to Plaintiff's Response to Motion to Vacate Administrative Forfeiture (DE# 227, 4/23/19) (hereinafter "Reply").

On June 4, 2019, the Court held an evidentiary hearing on the instant motion. The defendant testified on his own behalf. The government presented the testimony of

the defendant's former counsel, Barry Witlin. The Court admitted into evidence Government's Exhibits 1 through 4.

This matter is ripe for adjudication.

## FACTS

On May 18, 2016, United States Customs and Border Protection ("CBP") sent a Notice of Seizure and Information to Claimants CAFRA Form concerning $2,000.00 in United States currency to the defendant's home address. See Government's Exhibit 2. On the same day, CBP sent a Notice of Seizure and Information to Claimants CAFRA Form concerning $1,919.87 in United States currency to the defendant's home address. See Government's Exhibit 2. The defendant was living at that address at the time. Moreover, the defendant was out on bond and subject to home detention. See Standard Conditions of Bond (DE# 12 at 2, 4/8/16).

Both notices were addressed to "Genaro Mejia Navarette." See Government's Exhibits 2-3. "Navarette" is the defendant's mother's last name. The defendant does not use his mother's last name and that last name does not appear on the defendant's driver's license or passport.

Attorney Barry Witlin represented the defendant in the criminal case. Mr. Witlin considered the administrative forfeiture proceedings part of his representation of the defendant.

It was Mr. Witlin's experience that in cases involving administrative forfeitures, CBP contacts his clients first. Mr. Witlin's clients then notify Mr. Witlin about the forfeiture proceedings. Although Mr. Witlin did not have a specific recollection about the defendant's case, he believed the forfeiture notices were provided to him by the

2

defendant.

Mr. Witlin completed two forms on behalf of the defendant for each claim: (1) Election of Proceedings – CAFRA Form and (2) U.S. Customs and Border Protection CAFRA Seized Asset Claim Form. See Government's Exhibits 2-3. Mr. Witlin's handwriting appears in the handwritten portions of the forms. However, Mr. Witlin did not sign the forms himself. Mr. Witlin does not have a specific recollection, but believes it was the defendant who signed the forms.[1] When Mr. Witlin signs a form for a client, it is his practice to sign his own name and indicate that he is signing it on behalf of the client.

These forms were mailed to CBP using an envelope with a return address to Mr. Witlin's law firm. CBP marked these mailings "received" on June 23, 2016.

On July 5, 2016, CBP sent two letters to Mr. Witlin advising him that the claim for the $2,000.00 and the claim for the $1,919.87 were late and would not be accepted by CBP. Id.

## ANALYSIS

Under the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), the government

---

[1] At the June 4, 2019 evidentiary hearing, the defendant stated that he could not explain how Mr. Witlin received the notices. The defendant testified that it was not his signature on the forms and that he did not learn of the existence of this paperwork until he filed his Motion for Return of Seized Property Pursuant to Criminal Rule of Procedure, Rule 41(g) (DE# 202) on April 26, 2018. The Court does not find the defendant's testimony credible. In any event, even if the Court were to accept the defendant's testimony, the defendant cannot overcome the requirement that he show the government "failed to take reasonable steps to provide [the defendant] with notice," 18 U.S.C. § 983(e)(1), in light of the fact that the government mailed the notices to the defendant's home address while the defendant was living there and subject to home detention.

must send written notice to interested parties in any non-judicial civil forfeiture proceeding. 18 U.S.C. § 983(a)(1)(A)(i). An interested party who does not receive notice:

> may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if–
>
> > (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; **and**
> >
> > (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

18 U.S.C. § 983(e)(1) (emphasis added). The defendant must meet both prongs. Here, the defendant has failed to meet either prong.

> In order to satisfy due process:
>
> individuals whose property interests are at risk due to government action [must] be given notice and an opportunity to be heard. Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 313, 70 S.Ct. 652, 656-57, 94 L.Ed. 865 (1950). The notice necessary to satisfy due process must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Id. at 314, 70 S.Ct. at 657. "Reasonable notice, however, requires only that the government attempt to provide actual notice; it does not require that the government demonstrate that it was successful in providing actual notice." Mesa Valderrama [v. United States], 417 F.3d [1189,] 1197 [(11th Cir. 2005)] (emphasis added).

United States v. Berry, 580 F. App'x 770, 772 (11th Cir. 2014) (emphasis omitted).

In the instant case, the government mailed the notices to the defendant's home address where the defendant was residing at the time. The notices were sent while the defendant was on bond and subject to home detention. "Generally, notice is sufficient if mailed to an address reasonably believed to be that of the intended recipient." VanHorn v. D.E.A., 677 F. Supp. 2d 1299, 1310 (M.D. Fla. 2009).

4

Moreover, someone provided the notices to the defendant's then-counsel, Mr. Witlin. Mr. Witlin mailed the completed forms (the Election of Proceedings – CAFRA Form and the U.S. Customs and Border Protection CAFRA Seized Asset Claim Form) from his business address. The defendant has failed to explain how Mr. Witlin received these forms without the defendant or someone who resides in the defendant's home providing these forms to Mr. Witlin.

Although the notices were addressed to "Genaro Mejia Navarette" and the defendant uses the name "Genaro Mejia," the Court finds that the notice provided by the government was sufficient. The defendant acknowledged that "Navarette" is his mother's last name. Moreover, the defendant or someone in the defendant's household understood the name "Genaro Mejia Navarette" to mean the defendant as evidenced by the fact that the notices were then provided to the defendant's attorney, Mr. Witlin. As indicated above, "[r]easonable notice . . . requires only that the government attempt to provide actual notice; it does not require that the government demonstrate that it was successful in providing actual notice." Mesa Valderrama, 417 F.3d at 1197 (emphasis added).

In sum, the Court finds that the defendant has failed to carry his burden of establishing that the government failed to take reasonable steps to provide the defendant with notice and that the defendant did not know or have reason to know of the seizures within sufficient time to file a timely claim.

## CONCLUSION

For the reasons stated herein, it is

ORDERED AND ADJUDGED that the Verified Motion to Vacate Administrative

Forfeiture (DE# 219, 3/11/19) is **DENIED**.

DONE AND ORDERED, in Chambers, at Miami, Florida this 5 day of June, 2019.

_____
JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies mailed by Chambers to:
Genaro Mejia
09144-104
Coleman Low
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 1031
Coleman, FL 33521
PRO SE